IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-1168-JLK** (consolidated with **07-cv-1190-JLK**)

**In re WSI Franchise Litigation.**

---

Civil Action No. 07-cv-1168-JLK

**NATIONAL INTERNET CORPORATION, d/b/a WSI ICE,**

      Plaintiff,

v.

**KENNETH KALAF,**

      Defendant.

---

Civil Action No. 07-cv-1190-JLK

**KALAF ENTERPRISES CORPORATION,**

      Plaintiff,

v.

**WSI HOLDINGS LTD. (ONTARIO, CANADA),** et al.

      Defendants.

This filing relates to **07-cv-1190-JLK.**

---

## ORDER SETTING ORAL ARGUMENT

Kane, J.

      This breach of contract and fraud business dispute is before me on Defendants' joint Motion to Dismiss (Doc. 12). Having reviewed the Motion and the related briefs, together with the Complaint, IT IS ORDERED that the Motion is set for oral argument on

**October 31, 2007 at 10:00 a.m.** in Courtroom A802, Alfred A. Arraj U.S. Courthouse, 901 19th Street.

In anticipation of oral argument, the parties should consider and be especially prepared to address (1) the overlap between Kalaf/KEC's breach of contract and tort theories of relief generally under *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256 (Colo. 2000) and *Tuchman v. Pell Rudman Trust Co.*, 245 F. Supp.2d 1156 (D. Colo. 2003)(Kane, J.); and (2) the factual and theoretical bases for Kalaf/KEC's breach of contract claim related to the Franchise Agreement as distinguished from Kalaf/KEC's breach of contract claim on the E-Marketplace Agreement, and any effect of the Franchise Agreement's integration clause on the viability of that claim.

I advise the parties that my inclination at this point in the proceedings is that Kalaf/KEC's tort claims may run afoul of the economic loss doctrine, by seeking to recover in tort for breaches of duties only arising in contract – i.e. the duty of good faith and fair dealing implied in all contracts in Colorado. Unless those tort claims are premised on a breach of duties arising independently of the KEC-WSI's contractual relationships, they may be subject to dismissal. At a minimum, Kalaf/KEC may have to plead these claims in the alternative, electing either to sue on the contract(s) or reject the contracts as having been procured by fraud and suing in tort. With respect to KEC's breach of contract claim related to the Franchise, as opposed to E-Market, Agreements, the claim appears almost to have been an afterthought and while it may, under the exceedingly liberal notice pleading standards of Fed. R. Civ. P. 8 survive dismissal, I will

not allow the claim to go forward if it is futile by operation of the contract's integration clause and will, in any even, require KEC to amend its Complaint to plead the claim directly and with sufficient factual allegations to support it.

If the above setting conflicts with counsel's schedule or otherwise needs to be reset, counsel shall confer and place a joint call to chambers with their calendars available.

Dated:  October 19, 2007                                **s/John L. Kane**
                                                         SENIOR U.S. DISTRICT JUDGE