IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-1168-JLK** (consolidated with **07-cv-1190-JLK**)

**In re WSI Franchise Litigation.**

---

Civil Action No. 07-cv-1168-JLK

**NATIONAL INTERNET CORPORATION, d/b/a WSI ICE,**

       Plaintiff,

v.

**KENNETH KALAF,**

       Defendant.

---

Civil Action No. 07-cv-1190-JLK

**KALAF ENTERPRISES CORPORATION,**

       Plaintiff,

v.

**WSI HOLDINGS LTD. (ONTARIO, CANADA),** et al.

       Defendants.

This filing relates to **07-cv-1190-JLK.**

---

**ORDER**

---

Kane, J.

Having listened to oral argument on Defendants' Motion to Dismiss, reviewed the Amended Complaint filed by Plaintiffs and considered carefully the parties' supplemental briefing on Defendants' Motion, I conclude (1) that Plaintiffs have, in fact, stated claims

for relief as to both the Franchise Agreement and the E-Marketplace Licensing Agreement under a Rule 12(b)(6) standard, but (2) Plaintiffs' Complaint is an inefficient vehicle for asserting them. This case is, at its core, a claim for breach of contract or rescission, based on allegations of fraud or fraud in the inducement, for which Plaintiffs' seek restitution and additional "damages," if any, they may prove at trial. In this regard, I point the parties to the Colorado Supreme Court Committee on Civil Jury Instructions, C.J.I. Civ. 30:17 (2008).

In any event, and while Plaintiffs' allegations may also suffice to state an overlapping claim for breach of the duty of good faith and fair dealing implied in every contract under Colorado law, they do not, in my view, give rise to a separate or independent fraud claim (I note that fraud, and proof of fraudulent intent and reliance thereon, are necessary elements of a claim for rescission and restitution) or fall within the purview of a Restatement (Second) of Torts § 552 claim for negligent misrepresentation. The claim(s) are claims for fraudulent inducement to contract. Splitting them into seven separate causes of action, sounding in contract, tort and in equity, is both inefficient and risky as a matter of law.

Based on the foregoing, I ORDER the parties first to CONFER regarding the substance of this Order and then to CONTACT CHAMBERS to set a date for a Scheduling Conference. Once the parties have conferred, but no later than February 19, 2008, Plaintiffs SHALL FILE a Second Amended Complaint. Defendants' current Motion to Dismiss (Doc. 12), is DENIED.

Dated: February 8, 2008                     **s/John L. Kane**
                                            SENIOR U.S. DISTRICT JUDGE